IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRENDA WILLIAMS,**

    **Plaintiff,**

  vs.                                 **Civil Action 2:10-CV-1155**
                                           **Judge Marbley**
                                           **Magistrate Judge King**

**FRANKLIN COUNTY MUNICIPAL
COURT,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This is a civil rights action in which plaintiff, formerly employed by the Franklin County Municipal Court, alleges that defendants, the Franklin County Municipal Court and the State of Ohio, failed to correct a hostile work environment to which plaintiff had been subjected by Harland Hale, a Judge of the Municipal Court, and retaliated against plaintiff. Plaintiff alleges, *inter alia*, that other judges of the court "instituted a practice intended to conceal the known proclivities of their colleague. . . ." *Second Amended Complaint*, Doc. No. 30, ¶17.  It is also alleged that defendants determined that plaintiff "should be made to appear to have fabricated the allegations against Hale . . . by, among other actions, threatening Plaintiff, facilitating rumor and innuendo circulating in the Court regarding Plaintiff's alleged mental imbalance and lack of trustworthiness, ignoring or demeaning Plaintiff's complaints of hostile work environment. . . ." *Id*. ¶ 18.  Plaintiff asserts claims of hostile work environment and retaliation in violation of Title VII, 42 U.S.C. §2000e *et seq*. Plaintiff also asserts a claim under COBRA,

29 U.S.C. §1132(c) for failure to provide required notification upon the termination of plaintiff's employment.  This matter is now before the Court on the motion to quash a subpoena issued by plaintiff to Jennifer L. Brunner. *Motion to Quash*, Doc. No. 40.  The Court conferred with counsel for defendant and the movant on December 22, 2011.

Movant, the former Ohio Secretary of State and currently an attorney representing Judge Harland Hale, was subpoenaed for deposition by plaintiff.  *Exhibit A*, attached to *Motion to Quash*.  She moves to quash the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(C)(iv), taking the position that the deposition would subject her to undue burden.

Plaintiff represents that the deposition is not intended to inquire into matters rendered privileged by virtue of the deponent's current representation of Judge Hale; rather, plaintiff intends to depose Ms. Brunner only about a telephone call allegedly made by Ms. Brunner in December 2007, while she was Secretary of State, to plaintiff's former attorney.  According to plaintiff,[1] a proposed complaint alleging a hostile work environment had been provided to Judge Hale, and others, in advance of a mediation of plaintiff's claims against him.  Prior to that mediation, however, Ms. Brunner – who was not formally involved in that matter – allegedly telephoned the former attorney and characterized plaintiff's allegations as frivolous.  Plaintiff asserts that her former attorney understood the call as "strongly implying that [he] should not follow through with filing the Complaint."  *See Exhibit G* attached to *Motion to Quash*.

---

[1] Plaintiff refers in this regard to an unexecuted declaration purportedly recounting the recollection of that former attorney.  *Declaration of Michael Moses, Esq.*, attached to Exhibit G to *Motion to Quash*.

Movant specifically argues that the subpoena seeks information not reasonably calculated to lead to the discovery of admissible evidence, that she has no knowledge or recollection of the alleged telephone call, *see Affidavit of Jennifer L. Brunner*, attached to *Exhibit E* to *Motion to Quash*, and that the deposition will risk intrusion into areas of privileged information.  Movant also contends that plaintiff could obtain equivalent, or better, information on the topic by deposing plaintiff's former attorney.[2]

In response, plaintiff takes the position that the proposed deposition falls within the ambit of proper discovery under Fed. R. Civ. P. 26(b): if the deponent made the telephone call at the behest of Judge Hale, the call could be perceived as either an admission by Judge Hale of the truth of plaintiff's allegations or as evidence of the retaliation alleged by her in the *Second Amended Complaint*.  She also argues that she is entitled to attempt to refresh Ms. Brunner's recollection on deposition, notwithstanding her sworn failure of recollection and that the testimony of her former attorney is not the equivalent of Ms. Brunner's testimony, because the former attorney cannot testify to the source of Ms. Brunner's knowledge of plaintiff's allegations against Judge Hale.

A subpoena issued under Fed. R. Civ. P. 45 is also subject to the general relevancy standard of Rule 26(b).  Whether a burden on a proposed deponent is undue requires weighing "the likely relevance of the requested [information] . . . against the burden . . . of

---

[2] Movant also complains that the subpoena was not accompanied by the witness fee required by Fed. R. Civ. P. 45(b)(1).  Plaintiff concedes as much but suggests that the default was a function of a misunderstanding on her counsel's part and represents that she stands ready to tender the required fee*.  Memorandum of Plaintiff in Opposition to Motion of Non-Party Jennifer L. Brunner to Quash Subpoena,* Doc. No. 42, pp. 5-6.

producing the [information.]"  *EEOC v Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). Relevance for discovery purposes is extremely broad.  *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).  However, a court "must limit the frequency or extent of discovery otherwise allowed by these rules" if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Rule 26(b)(2)(C)(i)-(iii).  Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis,* 135 F.3d at 402. "Although [parties] should not be denied access to information necessary to establish [their defenses], neither may a [party] be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007), quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978).

This Court concludes that the proposed deposition does not fall within the ambit of discoverable information.  *See* Fed. R. Civ. P. 26(b)(1).  At a minimum, the information sought by the proposed

4

deposition is so tangential to the resolution of the issues involved in this case that the burden of subjecting the deponent to even a short deposition outweighs its likely benefit. As an initial matter, the Court rejects plaintiff's assumption that the characterization of claims as frivolous by a person who is not a party to or counsel in the litigation and who has no supervisory authority over either the plaintiff or her counsel – even if made at the behest of one of the parties – is evidence of the merits of those claims. Moreover, even assuming that plaintiff's former counsel subjectively perceived himself to have been threatened during the course of the alleged telephone conversation, that fact is simply irrelevant to plaintiff's claims that she was subjected to a hostile work environment and was retaliated against in her employment.

      The Court therefore concludes that the *Motion to Quash*, Doc. No. 40, is meritorious and it is therefore **GRANTED**.

                                      *S/ Norah McCann King*
                                    Norah McCann King
December 22, 2011            United States Magistrate Judge