UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRENDA WILLIAMS,**

    **Plaintiff,**

v.

    Civil Action 2:10-cv-01155
    Judge Algenon L. Marbley
    Magistrate Judge E.A. Preston Deavers

**FRANKLIN COUNTY MUNICIPAL COURT,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Reconsideration of Order Granting Motion to Quash Filed by Jonathan Coughlan. (ECF No. 38.) For the reasons that follow, Plaintiff's Motion is **DENIED**.

### I.

Plaintiff brings this action against Defendants as her former joint employers. Plaintiff claims, in part, that Defendants created a hostile work environment and retaliated against her after she complained about the conduct of Judge Harland Hale. The instant Motion arises out of a discovery dispute between Plaintiff and Jonathan Coughlan, Ohio Disciplinary Counsel, a non-party movant in this action. Plaintiff issued a subpoena to Mr. Coughlan as counsel for the Ohio Disciplinary Counsel to testify at a deposition and to produce documents regarding any disciplinary complaint naming, or disciplinary investigation involving, Judge Hale.[1] Mr. Coughlan moved to quash this subpoena, asserting that due to the confidential nature of the Disciplinary Counsel's investigations such documents were "protected matter" within the

---

[1] Plaintiff has since determined that she does not require Mr. Coughlan's deposition and now only seeks the production of documents.

meaning of Federal Rule of Civil Procedure 45 or otherwise privileged.

On December 5, 2011, following a conference with the parties, Magistrate Judge Norah M. King issued an Order granting the Motion to Quash.[2] (ECF No. 37.) Judge King reasoned that to the extent Plaintiff sought information through her subpoena relevant to the substance of her claims, this information was available from other sources. To the extent Plaintiff was concerned about an adverse inference to the credibility of herself or other witnesses, Judge King found this concern insufficient, at that time, to justify the discovery request.

On December 12, 2011, Plaintiff moved for reconsideration of Judge King's Order. Plaintiff cites the December 8, 2011 deposition of Keith Bartlett, Administrator of the Franklin County Municipal Court, as justification for reconsideration. According to Plaintiff, this deposition makes clear that Defendants will assert that any allegations to the Ohio Disciplinary Counsel regarding Judge Hale were untrue because the Ohio Disciplinary Counsel ultimately chose not to publicize a finding of probable cause. The Ohio Disciplinary Counsel has responded in opposition to Plaintiff's Motion for Reconsideration, maintaining that the Ohio Disciplinary Counsel's decision as to Judge Harland is not probative of the merits of Plaintiff's action and that Plaintiff's subpoena imposes an undue burden on the Ohio Disciplinary Counsel.

## II.

"The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Nevertheless, "[d]istrict courts have authority both

---

[2] The undersigned was assigned to this case following Magistrate Judge King's January 20, 2012 recusal.

under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Id.* Traditionally, "courts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (internal quotations omitted). "However, a motion for reconsideration should not be used to re-litigate issues previously considered." *Stanich v. Hissong Grp., Inc.*, No. 2:09-cv-0143, 2010 WL 3732129, at *10 (S.D. Ohio Sept. 20, 2010) (internal quotations omitted).

### III.

As a preliminary matter, the Court questions whether Plaintiff has provided sufficient justification for reconsideration. Plaintiff's Motion for Reconsideration cites, and attaches, deposition testimony taken after Judge King's December 5, 2011 Order. This evidence provides a somewhat clearer framework regarding the issue of the credibility inference Plaintiff is concerned Defendants will exploit. At the same time, however, Plaintiff's Motion for Reconsideration appears to largely revisit issues and arguments Judge King already considered.

As to the merits of the underlying discovery issue, the Court agrees with the Ohio Disciplinary Counsel that requiring disclosure would result in an undue burden given the circumstances of this case.[3] "The scope of discovery is, of course, within the broad discretion of the trial court." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Pursuant to Federal Rule of Civil Procedure 45, the Court "must quash or modify a subpoena that . . .

---

[3] Accordingly, the Court finds it unnecessary to decide whether the documents Plaintiff seeks are "protected matter" within the meaning of Federal Rule of Civil Procedure 45 or otherwise privileged.

3

subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). "In determining whether a subpoena imposes an undue burden, a court considers such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Kilroy v. Husted*, No. 2:11–cv–145, 2011 WL 5827229, at *2 (S.D. Ohio Nov. 18, 2011) (internal quotations omitted). Furthermore, "[c]ourts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." *Id.* (internal quotations omitted).

Under the unique circumstances of this case, the Court concludes that the burden disclosure would place on the Ohio Disciplinary Counsel strongly outweighs Plaintiff's need for the discovery in question. Requiring the Ohio Disciplinary Counsel, a non-party in this case, to produce the documents in question would be highly burdensome. The Ohio Disciplinary Counsel is obligated under the Ohio Supreme Court Rules for the Government Bar to maintain "proceedings and documents relating to review and investigation of grievances" confidential. Ohio Gov. Bar R. V(11)(E). The Ohio Disciplinary Counsel and all employees of the Office of the Disciplinary Counsel, are required to take an oath to uphold this confidentiality requirement. As the Ohio Disciplinary Counsel has provided, the confidential nature of investigatory proceedings serves a variety of policy interests, including promotion of the free exchange of information and protection of accused lawyers as well as witnesses during the investigative process. Accordingly, forcing the disclosure of document relating to any disciplinary investigation of Judge Hale would require the Ohio Disciplinary Counsel to violate

confidentiality requirements central to the disciplinary investigation process.

Additionally, the Court finds Plaintiff's need for the documents in question to be limited. Although the documents in question are likely relevant within the broad confines of Federal Rule of Civil Procedure 26, the Court finds that such documents are not central to Plaintiff's case. Notably, Plaintiff has asserted claims against her former employers, based on their reactions to her reports of misconduct, rather than against Judge Hale directly.  The undersigned agrees with Judge King that to the extent Plaintiff seeks information relevant to the underlying facts of her claims, this information is available to Plaintiff from other sources including her own recollections.  Plaintiff's primary concern in seeking the documents appears to be a potentially adverse inference from the circumstances.  Specifically, Plaintiff is concerned that the Office of Disciplinary Counsel's decision not to take action against Judge Hale leads to the inference that Plaintiff and other witnesses' allegations to the Disciplinary Counsel were unreliable. Nevertheless, as the Office of Disciplinary Counsel describes, Plaintiff has available to her a number of ways to refute, or at the very least diminish, such an inference without forcing disclosure of the documents in question.

**IV.**

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Order Granting Motion to Quash Filed by Jonathan Coughlan is **DENIED**.  (ECF No. 38.)

**IT IS SO ORDERED.**


Date: March 8, 2012                        /s/ *Elizabeth A. Preston Deavers*
                                    Elizabeth A. Preston Deavers
                                    United States Magistrate Judge